UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CATHY NAVIN,<br><br>    Plaintiff,<br><br>  v.<br><br>TROY E. PEYTON and<br>KEELY PURDUE CHIPPOLETTI,<br><br>    Defendants. | Case No. 2:24-cv-01967-JAD-EJY<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**<br><br>ECF Nos. 1, 2, 4 |

**On 10/25/24, the magistrate judge entered the following report and recommendation:**

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP"), Complaint, and Motion to Withdraw the Counsel-of-Record. ECF Nos. 1, 1-1, 2. Plaintiff's IFP application is complete. However, Plaintiff's Complaint and Motion to Withdraw border on indecipherable and fail to establish a basis to proceed in federal court. To the extent Plaintiff asks the Court to intervene in a state court proceeding, there is no basis for the Court to do so. For these reasons, the Court recommends denying the IFP application, dismissing the Complaint with prejudice, and denying Plaintiff's Motion to Withdraw.

District Courts have the authority to dismiss cases *sua sponte* without further notice to a plaintiff when the plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 615, 613 (9th Cir. 1988). Here, although not entirely clear, Plaintiff appears to be asking the federal court to intervene in a state court proceeding. *See* ECF No. 2. Under well settled law, as well as the circumstances presented here, the Court declines to do so. *Kleenwell Biohazard Waste & General Ecology Consultants, Inc. v. Nelson*, 48 F.3d 391, 393 (9th Cir. 1995) ("federal courts should abstain from intervening in pending state judicial proceedings out of deference to the interests of comity and federalism."). Further, Plaintiff may be complaining about attorneys who represented her at one time, and who withdrew from representation. ECF No. 2 at 3. There may also have been an accident in which Plaintiff fell that is subject to arbitration. *Id*. The Court thinks there was some effort to settle a dispute, which Plaintiff refused to do over the telephone. *Id*. at 4. Even if the Court has not fully captured Plaintiff's concerns, what is clear is that Plaintiff asserts no federal cause of action

and does not establish diversity jurisdiction.[1] ECF No. 1-1 (identifying all parties as Nevada residents and failing to allege damages in excess of $75,000), ECF Nos. 1-1, 2 (failing to allege a decipherable federal cause of action). In fact, as stated, Plaintiff's claims border on indecipherable and there appear to be no set of facts that would entitle her to proceed in federal Court. *Id*. *See also Denton v. Hernandez*, 504 U.S. 25, 33, (1992); *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Accordingly, and based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Application to Proceed *in forma pauperis* and Complaint (ECF Nos. 1, 1-1) be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion to Withdraw the Counsel-of-Record (ECF No. 2) be denied with prejudice.

Dated this 25th day of October, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] "Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The district court has the authority to determine its own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3). Here, as the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing jurisdiction exists, which she does not do. *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

**ORDER**

The deadline for any party to object to this recommendation was November 8, 2024, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. **IT IS THEREFORE ORDERED** that the Magistrate Judge's Report and Recommendation **[ECF No. 4] is ADOPTED** in its entirety; **THIS CASE IS DISMISSED** with prejudice; plaintiff's application to proceed in forma pauperis and motion to withdraw the counsel of record **[ECF Nos. 1, 2] are DENIED, and the Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: November 13, 2024

3